IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK 08-83016 |
| | ) | |
| TRI-STATE FINANCIAL, L.L.C. | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | |

**AMENDED EMERGENCY MOTION TO AUTHORIZE TRUSTEE
TO OBTAIN POST-PETITION FINANCING
AND
REQUEST FOR EXPEDITED HEARING AND RULING**

Linda Klaasmeyer, an interested party, individually and on behalf of Thomas Stalnaker, Trustee ("Trustee") with the authorization of counsel for the Trustee submits this Motion requesting the Court to authorize the Trustee to borrow monies for the purpose of making payroll, operating expenses and paying utilities with respect to the facility owned by the Debtor. This Motion is submitted pursuant to 11 U.S.C. §364(b). In support of this Motion the applicant shows as follows.

1.    This Court has jurisdiction over this Motion pursuant to 11 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 11 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157.

2.    The relief sought in this Motion is predicated upon 11 U.S.C. §§ 105(a) and 364.

3.    Tri-State Financial, L.L.C. ("Debtor") filed this Chapter 11 proceeding on or about November 21, 2008 and the Debtor remains in possession of the assets, including an ethanol production facility located in South Dakota (the "Facility").

4.    The Trustee is the duly appointed Trustee in these Chapter 11 proceedings.

5.    No creditors committee has yet been appointed in this case by the United States Trustee.

6.    The Facility has remained open although it has not been operational. The Debtor has continued to retain employees and incur expenses for operating expenses, utilities and other similar items. At the present time, there is past due payroll of approximately $77,000.00 plus additional operating expenses.

7.    Various parties are in negotiations with the Trustee in an effort to commence production of ethanol at the Facility and to make arrangements for financing. There are interim expenses which will be incurred before any agreement can be successfully negotiated and the Facility commences production of ethanol. It appears possible that the Debtor may resume business operations and the production of ethanol and it is important that the Debtor, through the Trustee, be able to pay interim expenses.

8.    The Trustee is without funds or sources of money with which to pay payroll for those employees of the Debtor which continue to maintain and protect the Facility. In addition, the Trustee does not have sufficient funds to pay for utilities or operating expenses needed to continue for the maintenance of the Facility. The Debtor and Trustee are unable to obtain unsecured credit allowable under 11 U.S.C. § 503(b)(1) as an administrative expense.

9.    Linda Klaasmeyer is willing to advance up to $87,500.00 to the Trustee in order to pay payroll, operating expenses and utilities so long as the monies advanced would be allowable under Section 503(c)(1) as an administrative expense with priority

over any or all administrative expenses of the kind specified in 11 U.S.C. §§ 503(b) or 507(b).

10.    Payroll and operating expenses are due and payable at this time and therefore it is essential that the Trustee be able to obtain these funds on an expedited basis. If Trustee is unable to obtain the funds, then the Facility will not be maintained or protected and substantial value to the estate will be lost.

11.    Rule 4001(c)(2) provides that a final hearing on a Motion for authority to obtain credit may be commenced no earlier than fifteen (15) days after service of the Motion. Rule 4001(c)(2) provides further that "[I]f the Motion so requests, the Court may conduct a hearing before such 15 day period expires, but the Court may authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." If the Court declines to grant the requested relief herein on an emergency basis, the estate will suffer immediate and irreparable harm as the employees will leave and the Facility will be unprotected.

WHEREFORE, Linda Klaasmeyer requests that the Trustee be authorized pursuant 11 U.S.C. §364(c) to accept up to $87,500.00 in post-petition financing from her and that the monies advanced by Linda Klaasmeyer be allowable under 11 U.S.C. §503(c)(1) as an administrative expense with priority over any or all administrative expenses of the kind specified in 11 U.S.C. §§ 503(b) or 507(b).

DATED: April 29, 2009.

3

LINDA L. KLAASMEYER

By:       /s/ James B. Cavanagh
          James B. Cavanagh, #10643
          LIEBEN, WHITTED, HOUGHTON,
          SLOWIACZEK & CAVANAGH, P.C.,
          L.L.O.
          2027 Dodge Street, Suite 100
          Omaha, Nebraska  68102
          Telephone:  (402) 344-4000
          Facsimile:  (402) 344-4006
          E-mail: jcavanagh@liebenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2009, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all parties who have requested notice on the system including the following:

Office of the United States Trustee
Patricia Fahey

                    /s/ James B. Cavanagh
                    James B. Cavanagh

291789

4