UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK08-83016 |
| | ) | |
| TRI-STATE FINANCIAL, LLC, | ) | Chapter 11 |
| d/b/a NORTH COUNTRY ETHANOL | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| THOMAS D. STALNAKER, TRUSTEE, | ) | |
| | ) | ADV. PROC. NO10-_____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GEORGE ALLISON, JR.; FRANK & | ) | COMPLAINT |
| PHYLLIS CERNIK; CHARLES | ) | |
| CLATTERBUCK; CHRIS & AMY DANIEL; | ) | |
| DISTEFANO FAMILY LTD PARTNERSHIP; | ) | |
| MARK E. EHRHART; ROBERT G. | ) | |
| GRIFFIN; TED HAZER; TED HAZER, | ) | |
| TRUSTEE OF THE COX APARTMENTS | ) | |
| TRUST; JOHN HOICH; DENISE HOICH, | ) | |
| TIMOTHY JACKES; JAMES G. JANDRAIN; | ) | |
| LINDA L. KLASSMEYER; GEORGE | ) | |
| KRAMER; DAVID LITZEN; BERNIE | ) | |
| MARQUARDT; MARK ROXBURGH; | ) | |
| RADIO ENGINEERING INDUSTRIES, INC.; | ) | |
| JOSEPH VACANTI, TRUSTEE OF THE | ) | |
| JOSEPH & CYNTHIA VACANTI TRUST; | ) | |
| AND CENTRIS FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendants | ) | |

COMES NOW Thomas D. Stalnaker, Trustee and for his Complaint against the Defendants alleges and states as follows:

1.      Plaintiff is the duly appointed, qualified and acting Chapter 11 Trustee for the Debtor, Tri-State Financial, LLC.

2.  In 2003 - 2004, the Debtor, Tri-State Financial, LLC advanced funds to Tri-State Ethanol, LLC, which was itself in a Chapter 11 Bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of South Dakota.  Upon information and belief, it was the intended purpose of said advancement of funds to assist the Chapter 11 operations of Tri-State Ethanol and to obtain an administrative claim in said bankruptcy proceeding for the amount advanced.  At all relevant times, The Debtor, Tri-State Financial was an equity holder in Tri-State Ethanol.

3.  While said funds were advanced to Tri-State Ethanol, co-mingled with the general funds of Tri-State Ethanol and utilized in the operations of Tri-State Ethanol in the Chapter 11 proceedings, said advancement was only partially allowed by the South Dakota Bankruptcy Court as an administrative expense of the Tri-State Ethanol Chapter 11 proceeding.  The amount of the advanced funds, which were not allowed as an administrative expense in the Tri-State Ethanol Chapter 11 Bankruptcy proceedings was the sum of $1,190,000.00.  However, by virtue of the advancement to Tri-State Ethanol in the South Dakota Bankruptcy proceedings, and pursuant to a settlement agreement between the Trustee of Tri-State Ethanol and the Debtor herein, the South Dakota Bankruptcy court approved a subordinated claim in favor of Tri-State Financial, the Debtor herein in the amount of $1,190,000.00.  Said subordinated claim was thereafter allowed.

4.  After the Debtor herein, Tri-State Financial filed for Chapter 11 Bankruptcy Protection, the Plaintiff was appointed Chapter 11 Trustee.  The Plaintiff appeared in the South Dakota Bankruptcy proceedings of Tri-State Ethanol to assert all rights of the Debtor, Tri-State Financial. One issue present in the South Dakota bankruptcy proceeding of Tri-State Ethanol, was a dispute between the Trustee of Tri-State Ethanol, a party named American Prairie and the Debtor, Tri-State Financial, which dispute centered on the entitlement of American Prairie to approximately

$4,500,000.00 in construction cost and a proposed settlement between the South Dakota Trustee and American Prairie of $2,500,000.00. If Tri-State Financial were successful in the disputed matter, additional substantial funds would be available to not only pay the subordinated claim of the Debtor, Tri-State Financial, but also substantial funds would be available to pay the equity holders of Tri-State Ethanol, of which the Debtor, Tri-State Financial was one. At the time the Plaintiff entered the dispute, the South Dakota Trustee advised Plaintiff that if the Plaintiff agreed to the South Dakota trustee's settlement with American Prairie, there were, after payment of said settlement, sufficient funds in the South Dakota bankruptcy estate to pay the subordinated claim in full of the Debtor, Tri-State Financial; however, if the dispute between the South Dakota Trustee, American Prairie and Tri-State Financial was not resolved and litigation was needed, and Tri-State Financial lost the dispute, there would not be sufficient funds in the estate to pay the subordinated claim of the Debtor, Tri-State Financial.

5.   Premised on the availability of funds in the South Dakota Bankruptcy estate and the payment in full of the amount of the Debtor, Tri-State Financial's subordinated claim, the Plaintiff agreed to the South Dakota Trustee's settlement of the dispute and the payment of $2,500,000.00 to American Prairie. At no time did any of the Defendants herein assert any claim to the $1,190,000.00 or advise the Trustee of a claimed interest in said funds. Had any of the Defendants herein asserted such a claim, the Plaintiff would not have agreed to the settlement in the South Dakota bankruptcy proceedings.

6.   On or about December 31, 2009, after the Plaintiff had agreed to the settlement and at or about the time the Plaintiff Trustee received the check from the South Dakota Trustee for $1,190,000.00, the Plaintiff received a letter from Jerrold L. Stasheim, as attorney for one or more of the investor/members of Debtor, Tri-State Financial, who prior to the initiation of the bankruptcy

proceedings herein of the Debtor, represented Tri-State Financial in the South Dakota Bankruptcy proceedings. In that letter, Mr. Stasheim asserted, in behalf of his clients that the $1,190,000.00 was not property of the estate, but rather belonged to the Defendants [other than Centris Federal Credit Union].

7. Centris Federal Credit Union claims that the $1,190,000.00 is property of the bankruptcy estate, but is subject to a security interest it has in the assets of the Debtor, Tri-State Financial, LLC.

8. Plaintiff is currently holding the $1,190,000.00 in an interest bearing account and asserts that the $1,190,000.00 constitutes unencumbered property of the bankruptcy estate.

9. A judicable issue is presented by the competing claims to the $1,190,000.00 and the Plaintiff herein has filed this Complaint seeking to have the Court determine who is entitled to said funds.

WHEREFORE, Plaintiff prays that the Court determine and enter judgment in favor of the Plaintiff finding that the funds currently being held by the Plaintiff, $1,190,000.00 constitute unencumbered property of the estate and for such other and further relief as the Court deems just and equitable.

THOMAS D. STALNAKER, Trustee

By:  /s/ Robert J. Becker
Robert J. Becker, #10258
John D. Stalnaker, #23809
STALNAKER, BECKER & BURESH, P.C.
P.O. Box 24268
Omaha, Nebraska 68124
(402) 393-5421
His Attorneys