IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRI-STATE FINANCIAL, LLC, | ) | Case No. BK08-83016 |
| d/b/a North Country Ethanol, | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| THOMAS D. STALNAKER, TRUSTEE, | ) | |
| | ) | A:10-_____ |
| Plaintiff, | ) | |
| vs. | ) | COMPLAINT TO AVOID |
| | ) | PREFERENCE |
| NOVOZYMES NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Thomas D. Stalnaker, Trustee, and for his claim against the Defendant, Novozymes North America, Inc. alleges and states as follows:

1. Plaintiff is the duly appointed, qualified and acting Trustee in Bankruptcy of the Bankruptcy Estate of Tri-State Financial, LLC, d/b/a North Country Ethanol (hereinafter referred to as "Tri-State", the "estate" or "debtor").

2. Defendant is a corporation subject to the jurisdiction of this Court.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 USC §1334 and §157, and Bankruptcy Rule 7001. This is a court proceeding seeking the avoidance of a pre-petition transfer under 11 USC §547, and/or turnover of property, or the value thereof, of Debtors under 11 USC §550. This is a core proceeding.

4. Venue is proper in this Court pursuant to 28 USC §1409(a).

5. On November 21, 2008, Tri-State filed a voluntary petition in Bankruptcy under Chapter 11 of the Bankruptcy Code.

6. Within Ninety (90) days of the filing of the bankruptcy petition herein, Debtor transferred to or for the benefit of the Defendant, the sum of $110,000.00.

7. At the time of said transfers, the Defendant was a creditor of the Debtor, the transfers were made to the Defendant for or on account of an antecedent debt, the Debtor was insolvent, the transfers were made within ninety (90) days of the filing of the bankruptcy petition, and said transfers enabled the Defendant to receive more than the Defendant would have received if (a) the case were a case under Chapter 7 of the Bankruptcy Code, (b) the transfer had not been made, and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

8. The Trustee is entitled to avoid each of the above described transfers pursuant to §547(b) of the Bankruptcy Code and is entitled to recover the value of said transfers pursuant to §550(a) of the Bankruptcy Code.

WHEREFORE, the Trustee prays that the above described transfers be avoided pursuant to §547 (b) of the Bankruptcy Code and that judgment be entered in favor of the Plaintiff and against the Defendant in the amount of $110,000.00, any additional amounts proven at trial, the value of said transfers pursuant to §550(a) of the Bankruptcy Code and for such other relief as the Court deems just and equitable.

Dated: October 27, 2010.

THOMAS D. STALNAKER, TRUSTEE,
Plaintiff,

By: /s/ John D. Stalnaker
John D. Stalnaker, #23809
Robert J. Becker, #10258
STALNAKER, BECKER & BURESH, P.C.
1111 N. 102nd Ct., Suite 330
P.O. Box 24268
Omaha, NE 68124
j.stalnaker@sbbpc.com
r.becker@sbbpc.com
(402) 393-5421

2