IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRI-STATE FINANCIAL, LLC, | ) | Case No. BK08-83016 |
| d/b/a North Country Ethanol, | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| THOMAS D. STALNAKER, TRUSTEE, | ) | |
| | ) | A:10-_____ |
| Plaintiff, | ) | |
| vs. | ) | COMPLAINT TO AVOID |
| | ) | PREFERENCES/FRAUDULENT |
| JAMES JANDRAIN, individually and | ) | TRANSFERS |
| d/b/a JAMES JANDRAIN CPA, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Thomas D. Stalnaker, Trustee, and for his claim against the Defendant, James Jandrain alleges and states as follows:

COUNT I

1. Plaintiff is the duly appointed, qualified and acting Trustee in Bankruptcy of the Bankruptcy Estate of Tri-State Financial, LLC, d/b/a North Country Ethanol (hereinafter referred to as "Tri-State", the "estate" or "debtor").

2. Defendant is an individual and at all times material hereto was doing business as James Jandrain CPA. At all times material herein, James Jandrain was a member of Tri-State, was the manager and managing agent of Tri-State and was an "insider" as defined in 11 USC 101 (2)(31).

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 USC §1334 and §157, and Bankruptcy Rule 7001. This is a court proceeding seeking the avoidance of a pre-petition transfer under 11 USC §547, and/or turnover of property, or the value thereof, of Debtors under 11 USC §550. This is a core proceeding.

4. Venue is proper in this Court pursuant to 28 USC §1409(a).

5. On November 21, 2008, Tri-State filed a voluntary petition in Bankruptcy under Chapter 11 of the Bankruptcy Code.

6. Within one year of the filing of the bankruptcy petition herein, Debtor transferred to or for the benefit of the Defendant, amounts in excess of $100,000.00.

7. At the time of said transfers, the Defendant was a creditor of the Debtor, the transfers were made to the Defendant for or on account of antecedent debts, the Debtor was insolvent, the transfers were made within one year of the filing of the bankruptcy petition, and said transfers enabled the Defendant to receive more than the Defendant would have received if (a) the case were a case under Chapter 7 of the Bankruptcy Code, (b) the transfer had not been made, and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

8. The Trustee is entitled to avoid each of the above-described transfers pursuant to §547(b) of the Bankruptcy Code and is entitled to recover the value of said transfers pursuant to §550(a) of the Bankruptcy Code.

WHEREFORE, the Trustee prays that the above described transfers be avoided pursuant to §547 (b) of the Bankruptcy Code and that judgment be entered in favor of the Plaintiff and against the Defendant in an amount to be determined at trial pursuant to §550(a) of the Bankruptcy Code and for such other relief as the Court deems just and equitable.

## COUNT II

9. Plaintiff incorporates by this reference, the allegations contained in paragraphs 1, 2, 4 and 5 as set out above in this Complaint.

10. This Court has jurisdiction over this adversary proceeding pursuant to 28 USC §1334 and §157, and Bankruptcy Rule 7001. This is a court proceeding seeking the avoidance of a pre-petition transfer under 11 USC §548, and/or turnover of property, or the value thereof, of Debtors under 11 USC §550. This is a core proceeding.

11. Within two years of the filing of the bankruptcy petition herein, Debtor transferred to or for the benefit of the Defendant, certain amounts in excess of $100,000.00.

12. At the time of said transfer(s), the Debtor received less than a reasonable equivalent value in exchange for such transfers, was insolvent on the date of said transfer, was significantly undercapitalized and intended to incur debt beyond the Debtor's ability to pay, and/or the Debtor made said transfer(s) with the actual intent to hinder, delay or defraud its other creditors.

13. The Trustee is entitled to avoid each of the above described transfers pursuant to §548(a) and (b) of the Bankruptcy Code and is entitled to recover the value of said transfers pursuant to §550(a) of the Bankruptcy Code.

WHEREFORE, the Trustee prays that the above described transfers be avoided pursuant to §548 (a) and (b) of the Bankruptcy Code and that judgment be entered in favor of the Plaintiff and against the Defendant in an amount to be determined at trial pursuant to §550(a) of the Bankruptcy Code and for such other relief as the Court deems just and equitable.

Dated: November 12, 2010.

        THOMAS D. STALNAKER, TRUSTEE,
        Plaintiff,

By: /s/ John P. Hillebrandt
    John D. Stalnaker, #23809
    Robert J. Becker, #10258
    John P. Hillebrandt, #24155
    STALNAKER, BECKER & BURESH, P.C.
    1111 N. 102nd Ct., Suite 330
    P.O. Box 24268
    Omaha, NE 68124-0268
    j.stalnaker@sbbpc.com
    r.becker@sbbpc.com
    j.hillebrandt@sbbpc.com
    Telephone: (402) 393-5421
    Facsimile: (402) 393-2374