UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK08-83016 |
| | ) | |
| TRI-STATE FINANCIAL, LLC, | ) | Chapter 11 |
| d/b/a NORTH COUNTRY ETHANOL | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 363, FED. R. BANK P. 6004, AND LOCAL R. BANK P. 6004-1 AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS**

COMES NOW, Thomas D. Stalnaker, Trustee, by and through his attorneys and for his Motion for Order pursuant to 11 U.S.C. 105(a) and 363, Fed. R. Bank P. ("Rule") 6004, and Local R. Bank P. ("Local Rule") 6004-1 Authorizing and Approving the Sale of Substantially all of Debtor's Assets Free and Clear of Liens, states and alleges as follows:

**Jurisdiction and Venue**

1. On November 21, 2008, ("the Petition Date") the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nebraska.

2. On January 9, 2009, the Court entered an order approving the appointment of the Trustee as such in this proceeding.

3. The main asset of the Bankruptcy Estate is the Ethanol Plant and Equipment located in Rosholt, South Dakota (hereafter "Ethanol Plant").

4. No creditors committee has been appointed by the United States Trustee due to general lack of interest in the proceedings among the unsecured creditors.

5. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to one or more provisions of 28 U.S.C. §157(b). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief requested herein are 11 U.S.C. §§105(a) and 363, Rule 6004 and Local Rule 6004-1. As this Motion does not seek to have the requested order granting this Motion entered within the first 20 days after the Petition Date, Rule 6003 is inapplicable to this Motion.

**Procedural Background**

7. The Trustee previously operated the Ethanol Plant, pursuant to orders of this Court, which authorized DIP financing and authorized the Trustee to enter into a Toll Processing Agreement with Tenaska BioFuels, LLC ("Tenaska"), as well as an operating agreement with Innovative Concepts of Ethanol, Inc. ("ICE").

8. On September 30, 2010, while the Trustee operated the Ethanol Plant, the Trustee sought and obtained from the Court approval of Bidding Procedures for a possible sale of the Ethanol Plant (Doc. 299 and 307). The Bidding Procedures required that interested parties submit sealed bids to the Trustee by February 1, 2011. No qualified bids were received by the Trustee, pursuant to the Bidding Procedures. Thereafter, the Trustee continued to market a possible sale of the Ethanol Plant to potential buyers with no success and continued to operate the Ethanol Plant until March 17, 2011, at which time the Trustee determined the operation of the Ethanol Plant was no longer profitable under the arrangements set out in paragraph 7 above. On April 16, 2011, the Trustee shut down the operation of the Ethanol Plant.

9. Since that time, the Trustee has marketed and sought out potential buyers for the Ethanol Plant, but no buyer with adequate ability to purchase the Ethanol Plant has came forward. Because of ongoing and continuing expenses to the Estate to maintain the Ethanol Plant in a shut-down mode, and limited estate assets, on June 30, 2011, the Trustee filed his Notice of Abandonment of the Ethanol Plant, effective July 21, 2011. On July 20, 2011, the Trustee withdrew his Notice of Abandonment premised upon a general agreement with Red River Energy, LLC ("Buyer"), to purchase the plant for $4,500,000.00, including the payment of $25,000.00 by the Buyer herein to cover expenses while a purchase agreement was negotiated.

### Proposed Sale of Assets

10. The Trustee believes that the proposed Sale of Assets to Red River Energy, LLC, for $4,500,000.00 represents the best purchase price to be obtained for the Ethanol Plant, given its non-operating condition and market conditions. A true and correct copy of said proposed Purchase Agreement is attached hereto as Exhibit 1.

### Proposed Distribution of Sale Proceed

11. Pursuant to prior Court Orders relating to DIP financing, Net Sale Proceeds will first be disbursed to the DIP lenders, pursuant to said Court Orders.

12. Centris Federal Credit Union (hereafter "Centris") has a first secured lien position covering the Ethanol Plant and equipment, which secured an indebtedness from the Debtor in excess of $18,000,000.00. Subject to a distribution to the Bankruptcy Estate of $125,000.00, the remaining net Sale Proceeds will be distributed to Centris.

**Assets to Be Sold**

13. Debtor proposes to sell substantially all of its hard assets ("the Assets"). The Assets to be sold consist of, but are not limited to, the Equipment, the Vehicles, the Permits, the Trademarks, the goodwill associated with the Business, the Real Property, all Documents exclusively related to any of the Purchased Assets, provided that Seller may retain copies of such Documents, to the extent assignable, all rights under or pursuant to all warranties, representations, and guarantees relating to any of the Purchased Assets made by suppliers, manufacturers, contractors, or other third parties, and, to the extent assignable, all telephone numbers, telephone facsimile numbers, e-mail addresses, domain names, internet uniform resource locators, and other directory listings exclusively relating to the Facility (as set out in Exhibit A to the Purchase Agreement).

14. The Assets shall not include cash and cash equivalents, any Accounts Receivable, the Inventory, any corporate records of Seller and any Documents that are not exclusively related to the Purchased Assets, including, without limitation, any Tax Returns, any refunds of Taxes, any insurance policies and rights to proceeds thereof or any refund of any premiums or fees paid by Seller, any Avoidance Claims, any rights, claims, or causes of action of Seller under this Agreement or any of the Transaction Documents, as set out in Exhibit A to the Purchase Agreement.

**Applicable Authority to Approve the Sale Free and Clear of All Liens**

The Sale Should be Authorized Pursuant to Section 363(b)(1)

15. Pursuant to Bankruptcy Code §105(a), a Bankruptcy Court "may issue any order process or judgment that is necessary or appropriate to carry out the provisions of [the

Bankruptcy Code]." 11 U.S.C.§ 105(a). Bankruptcy Code §363(b)(1) provides, in relevant part, that the Debtor, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

16. The proposed use, sale, or lease of property of the estate may be approved under Bankruptcy Code §363(b) if it is supported by sound business justification. See, e.g., *Meyers v. Martin (In Re Martin)*, 91 F.3d 389, 395 (3rd Cir. 1996); *Institutional Creditors of Continental air Lines, Inc. v. Continental Air Lines, Inc. (In Re Continental Air Lines)*, 780 F.2d 1223, 1226 (5th Cir. 1986). In reviewing a proposed sale of assets, a Bankruptcy Court should give deference to the Debtor's business judgment. *Esposito v. Title Ins. Co. (In re Fernwood Mkts.)*, 73 B.R. 616, 621 n.2 (Bankr. E.D.Pa. 1987).

17. The Trustee has undertaken extensive efforts to reorganize the operations of debtor, including re-starting operations in an attempt to become profitable. Ultimately, the Trustee, after operating the Ethanol Plant for over a year, and soliciting the input of the Debtor's secured lenders and professional consultants, has determined, in his business judgment, that the Sale of the Assets to Red River Energy, LLC, will maximize the value of those Assets to the estate and will be in the best interests of the creditors.

18. In addition to showing a business justification, the Trustee believes the courts, when reviewing a sale under §363, should also examine whether: (a) the price is fair and reasonable; (b) the Successful Purchaser has acted in good faith; and (c) adequate notice was provided. *In re Channel One Communications, Inc.*, 117 B.R. 493, 496 (Bankr. E.D.Mo. 1990).

19. By virtue of the fact that the Trustee has attempted over a period of many months to sell the Ethanol Plant, both by individual negotiations and the Bidding Procedures auction, with no success, and is entering into the Purchase Agreement only after an extensive and thorough marketing process and such unsuccessful attempt to conduct an auction, the Trustee believes the good faith of the Buyer should be presumed.

20. The Trustee is aware that there is pending litigation between Centris and several guarantors of the Centris indebtedness. The Trustee requests that if the Court approves the proposed sale herein, that it specifically provide in its order that the Court's findings pursuant to its approval of this sale are not binding upon said guarantors in said pending litigation.

21. The last review to be conducted by this Court is determining whether parties received adequate notice of this Motion. The Trustee will provide adequate notice of the hearing on this Motion by providing notice to: (i) all entities known to have expressed an interest in a transaction with respect to the Assets; (ii) all entities known to have asserted any lien, claim, interest or encumbrance in or upon the asets; (iii) the United States Trustee's office; (iv) the Internal Revenue Service; and (v) all entities on the Service List for this case ("Sale Notice"). The Sale Notice is reasonably calculated to provide timely and adequate notice to the Debtor's major creditor constituencies, and accordingly, is sufficient for entry of the requested order approving Sale.

22. Based upon the foregoing, the Sale satisfies all of the requisite conditions for authorization under §363 of the Bankruptcy Code.

<u>The Sale Satisfies the Requirements of 11 U.S.C. §363(f) for a Sale Free and Clear of Liens</u>

23. Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee seeks authority to sell the Assets free and clear of all liens, with such liens to attach to the proceeds of the Sale. This Section provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interests in such property of an entity other than the estate, only if:
>
> (i) applicable non-bankruptcy law permits sale of such property free and clear of such interests;
>
> (ii) such entity consents;
>
> (iii) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (iv) such interest is in bona fide dispute; or
>
> (v) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

24. The Trustee submits that, with respect to each such interest, at least one of the five conditions of section §363(f) is satisfied, and that any such interest will be adequately protected by either being paid in full at the time of closing or by having the interest attach to the net proceeds of the Sale. Specifically, all parties in interest have been given an opportunity to object and to the extent such parties have not filed objections, or such objections have been withdrawn, the Debtor submits that all such parties holding an interest in the Assets have consented pursuant to §363(f)(2) of the Bankruptcy Code. Further, the Trustee believes that all such holders of interests could be forced in a legal or equitable proceeding to accept money satisfaction of

such interest, and therefore the Assets can be sold free and clear of such interests pursuant to §363(f)(5) of the Bankruptcy Code. The Trustee accordingly requests authority to convey the Assets to the Red River Energy, LLC, free and clear of all liens, with the interests of such lien claimants to attach to the proceeds of the Sale, with the same validity (or invalidity), priority, and perfection as existed immediately prior to the Sale.

25. Having exercised sound business judgment, the Trustee has determined that the Sale of the Assets free and clear of all liens is in the best interests of Debtor's estate and the creditors thereof and that the Sale should be approved.

<u>A Finding of Good Faith of the Purchaser Pursuant to Section 363(m) is Appropriate</u>

26. Section 363(m) of the Bankruptcy Code provides the following:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this subsection of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

27. The Bankruptcy Code does not define good faith. However, "[t]he criteria to be considered when making an evaluation of good faith are almost universally stated as follows: 'The requirement that a purchaser act in good faith…speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a…good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders'. *In re Rock Industries Machinery corp.*, 572 F.2d 1195, 1998 (7th Cir. 1978)." *In re Apex Oil Co.*, 92 B.R. 847, 869 (Bkrtcy. E.D.Mo. 1988).

28. Debtor submits, and will present evidence at the Sale Hearing, that as set forth above, the Sale will result in a transaction in which the Buyer has at all times acted in good faith. The Trustee, therefore, requests that the Court make a finding that the Buyer has purchased the Assets in good faith within the meaning of §363(m) of the Bankruptcy Code.

## Conclusion

WHEREFORE, Thomas D. Stalnaker, the Trustee in the above-captioned bankruptcy proceeding, respectfully prays that this Court enter an order in substantially the same form as that attached hereto: (1) granting this Motion in full; (2) overruling all objections to this Motion; (3) approving and authorizing the sale of substantially all of Debtor's Assets free and clear of liens to Red River Energy, LLC; and (4) granting any other relief at equity or law that this Court deems necessary, appropriate and just.

DATED this 8th day of August, 2011.

THOMAS D. STALNAKER, TRUSTEE,

By: /s/ John D. Stalnaker
John D. Stalnaker, #23809
Robert J. Becker, #10258
STALNAKER, BECKER & BURESH, P.C.
1111 N. 102nd Ct., Suite 330
P.O. Box 24268
Omaha, NE 68124
(402) 393-5421
j.stalnaker@sbbpc.com
r.becker@sbbpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2011 I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all parties who filed an appearance by electronic filing in this case.

/s/ John D. Stalnaker
John D. Stalnaker