## Purchase Agreement

This Agreement made as of this __8__ day of August 2011, by and between Thomas D. Stalnaker, Trustee in Bankruptcy, In Re: Tri State Financial, LLC, U.S. Bankruptcy Court for the District of Nebraska, Case No. BK. 08-83016, ("Seller") and Red River Energy, LLC, a South Dakota limited liability company ("Buyer").

### Recitals

Trustee desires to sell the ethanol production facility and equipment (the "Facility") in Rosholt, South Dakota, pursuant to 11 USC § 363 of the Bankruptcy Code, which Facility is an asset of the Bankruptcy Estate and Buyer desires to buy the Facility all on the terms and conditions stated below.

NOW, THEREFORE, in consideration of the premises the parties agree as follows:

1. **Assets to be Purchased.** The Facility consists of the Ethanol Production Facility located in Rosholt, South Dakota, including real estate and appurtenances, equipment, chemical inventory, production and customer information and records and replacement parts inventories (all as described in the schedules of Tri State Financial, LLC filed in the bankruptcy proceedings). The Assets to Be Purchased and Excluded Assets are described in Exhibit A attached hereto.

2. **Purchase Price.** The Purchase Price shall be Four Million, Five Hundred Thousand Dollars ($4,500,000.00). At closing, Buyer shall be entitled to a credit of $25,000.00 against said Purchase Price, for its initial payment to the Trustee for an exclusivity period to negotiate this purchase agreement and a credit for the amounts deposited pursuant to Paragraph 3, below.

The allocations of the Purchase Price are $33,000.00 for the land, $50,000.00 for the buildings and improvements, and $4,417,000.00 for the equipment.

3. **Deposit.** Buyer shall deliver to the Trustee a Deposit of an additional Seventy-Five Thousand Dollars ($75,000.00) upon execution of this Agreement, which amount shall be a credit against the Purchase Price at closing, as set out in Paragraph 2 above. In addition to the $25,000.00 and $75,000.00, within three (3) days after approval of this Purchase Agreement by the Bankruptcy Court, Buyer shall deliver to the Trustee an additional Three Hundred Fifty Thousand Dollars ($350,000.00), which amount shall be a credit against the purchase price at

EXHIBIT 1

closing, as set out in paragraph 2 above. In the event the Buyer does not close under the terms of this Purchase Agreement, the Buyer forfeits said sums paid to the Trustee and the Trustee may retain the full amount of the payments. If the Trustee does not close and deliver title, then all such payments, except for $25,000.00, shall be refunded to Buyer.

4. <u>Closing</u>. Closing shall occur within thirty (30) days after the approval of this Agreement by the Bankruptcy Court, provided that such Order has not been stayed. After approval by the Bankruptcy Court of this Agreement and prior to closing, Buyer may make repairs and perform all necessary maintenance to restart the Facility, which may include capital expenditures to equipment, at the discretion of Buyer, and Buyer's risk. However, Buyer must inform Seller of what repairs and maintenance it intends to make to the Facility.

5. <u>Conditions to Closing</u>. Buyer and Seller have approved the transfer documents, Exhibits B and C, attached hereto. Closing of this purchase Agreement shall only be conditioned upon a final Order of the Bankruptcy Court approving the Purchase Agreement, provided there has been no stay of such Order.

6. <u>Transfer Taxes and Title Insurance</u>. All fees or taxes incidental to transfer of title and all recording fees shall be paid by Buyer, except that Seller shall pay the transfer fee to the register of deeds. The title insurance premium in the full amount of the purchase price for the real estate and improvements shall be paid one-half by Buyer and one-half by Seller and if Buyer so elects to obtain a mortgagee title insurance policy, Buyer shall be responsible for the premium for that policy. Real Estate and other ad valorem taxes on the assets shall be prorated to the Date of Closing in the manner customary at the location of the Facility.

7. <u>Insurance</u>. Buyer shall pay the insurance expenses after September 11, 2011, if the Bankruptcy Court has approved this Purchase Agreement, provided there has been no stay of such Order. In such case, Buyer shall provide Seller with proof of insurance.

8. <u>Title</u>. Seller, at Closing, will convey title to the real estate by trustee's deed and to property other than real estate by bill of sale. All title transfers shall be without warranties of title, except those granted by 11 USC § 363 of the Bankruptcy Code in that such transfer will be free and clear of

2

all liens, and with no warranties concerning the physical condition of the real estate or personal property. Seller has made and does make no representation to Buyer concerning title or physical condition of the Facility and Buyer will be solely responsible for determining, to its satisfaction, the condition of title and physical condition of the assets. At Closing, Buyer will accept the assets "as is" "where is" with no warranties of condition.

Seller, under provisions of the United States Bankruptcy Code, upon approval of the Bankruptcy Court, has authority to convey title free of liens.

9. Any notice, demand, or communication required, permitted, or desired to be given hereunder shall be in writing and shall be delivered to the parties at the following respective addresses:

Thomas D. Stalnaker, Trustee
Robert J. Becker, His Attorney
1111 N. 102nd Court, Suite 330
Omaha, Nebraska 68114
Telephone: 1-402-393-5421 Fax: 1-402-393-2374
Email: t.stalnaker@sbbpc.com

Red River Energy, LLC
Attn: Jack Carlisle
109 Willesden Drive
Cary, NC 27513
Telephone No.: 919-677-0949
Cell Phone No.: 919-818-7078
Telecopy No.: 919-677-0949
Email: jackcarlisle@bellsouth.net

or to such other address, or to the attention of such other person or officer, as any party may by written notice designate. Any notice, demand, or communication required, permitted, or desired to be given hereunder shall be sent either (a) by hand delivery, in which case notice shall be deemed received when actually delivered. (b) by prepaid certified or registered mail, return receipt requested, in which case notice shall be deemed five calendar days after deposit, postage prepaid in the United States mail, or (c) by a nationally recognized overnight courier, in which case notice shall be deemed received one business day after deposit with such courier, or (d) by email addressed to the recipient at the address stated above.

3

10. Except as otherwise required by the United States Bankruptcy Code and the conveying statutes of the State of South Dakota with respect to title transfers, this Agreement shall be governed by the laws of the State of Nebraska applicable to agreements to be performed wholly within the State, The federal and State courts of Douglas County, Nebraska shall be the exclusive venue for any litigation, special proceeding, or other proceeding between the parties that may arise out of, or be brought in connection with or by reason of, this Purchase Agreement.

11. This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective legal representatives, successors, and assigns. Buyer shall have the rights without Seller's consent, but with notice to Seller and presentation of appropriate documents of assignment to assign its rights in the Purchase Agreement to a third party and Seller will consummate that closing with such third party to the same extent that it is obligated to do so with Buyer.

12. This Agreement shall not become effective or binding upon the parties until approval by the Bankruptcy Court.

13. The waiver by either party of a breach or violation of any provision of this Agreement shall not operate as, or be construed to constitute, a waiver of any subsequent breach of the same or another provision hereof.

14. Whenever this Agreement requires any consent or approval to be given by either party, or either party must or may exercise discretion, and except where specifically set forth to the contrary, the parties agree that such consent or approval shall not be unreasonably withheld or delayed, and that such discretion shall be reasonably exercised.

15. Neither party shall be liable or deemed to be in default for any delay or failure in performance under this Agreement or other interruption resulting from, directly or indirectly, acts of God, civil or military authority, acts of public enemy, war, accidents, fires, explosions, earthquakes, floods, failure of transportation, strikes or other work interruptions by either party's employees, or any other similar cause beyond the reasonable control of either party unless such delay or failure in performance is expressly addressed elsewhere in this Agreement. Seller shall not commit waste upon the Facility nor allow any waste to be committed thereon. If the improvements and/or equipment to the Facility are destroyed or

damaged prior to transfer of title, then upon the demand of Buyer, all sums paid by Buyer, except for $25,000.00, shall be returned to it and this Agreement shall be of no further effect.

16. The Parties hereto have negotiated and prepared the terms of this Agreement with the intent that each and every one of the terms, covenants and conditions herein be binding upon and inure to the benefit of the respective parties. Accordingly, if any one or more of the terms, provisions, promises, covenants or conditions of this Agreement or the application thereof to any person or circumstance shall be adjudged to any extent invalid, unenforceable, void or voidable for any reason whatsoever by a court of competent jurisdiction or an arbitration tribunal, such provision shall be as narrowly construed as possible, and each and all of the remaining terms, provisions, promises, covenants and conditions of this Agreement or their application to other persons or circumstances shall not be affected thereby and shall be valid and enforceable to the fullest extent permitted by applicable law.

17. Amendments hereto shall be in writing and may be executed in multiple copies. Each multiple copy shall be deemed an original, but all multiple copies together shall constitute one and the same instrument.

18. With respect to the subject matter of this Agreement, this Agreement supersedes all previous contracts and constitutes the entire agreement between the parties. Neither party shall be entitled to benefits other than those specified herein. No prior oral statements or contemporaneous negotiations or understandings or prior written material not specifically incorporated herein shall be of any force and effect, and no changes in or additions to this Agreement shall be recognized unless incorporated herein by amendment as provided herein, such amendments to become effective on the date stipulated in such amendments. The parties specifically acknowledge that, in entering into and executing this Agreement, the parties rely solely upon the representations and agreements contained in this Agreement and no others.

IN WITNESS WHEREOF each of the parties hereto have executed this Agreement as of the date first above written:

Thomas D. Stalnaker,  
Trustee in Bankruptcy

RED RIVER ENERGY, LLC

_[signature: Thomas D. Stalnaker]_

By: _[signature]_  
Printed Name: Jack Carlisle  
Title: A Member

5

# EXHIBIT A

## PURCHASED AND EXCLUDED ASSETS
## OF TRI-STATE FINANCIAL, LLC ("Debtor")

Assets:

A. Real Property: See attached Legal Description (hereafter "Rosholt Ethanol Plant");

B. All equipment at Rosholt Ethanol Plant;

C. All vehicles owned by Debtor;

D. All inventory

E. All permits:

F. All trademarks:

G. The goodwill associated with the Business;

H. All Documents exclusively related to any of the Purchased Assets, provided that Seller may retain copies of such Documents;

I  To the extent assignable, all rights under or pursuant to all warranties, representations, and guarantees relating to any of the Purchased Assets made by suppliers, manufacturers, contractors, or other third parties;

J. To the extent assignable, all telephone numbers, telephone facsimile numbers, e-mail addresses, domain names, internet uniform resource locators, and other directory listings exclusively relating to the Facility.

Excluded Assets.

A. Cash and cash equivalents;

B. Any Accounts Receivable;

C. Any corporate records of Seller and any Documents that are not exclusively related to the Purchased Assets, including, without limitation, any Tax Returns;

D. Any refunds of Taxes;

E. Any insurance policies and rights to proceeds thereof or any refund of any premiums or fees paid by Seller;

F. Any Avoidance Claims or funds held by the Trustee subject to claims in any adversary proceeding;

G. Any rights, claims, or causes of action of Seller under this Agreement or any of the Transaction Documents.

## LEGAL DESCRIPTION

Tri-State Corn Processors Addition in Government Lot 2 and the E1/2NW1/4 of Section 18; Lot 1 Tri-state Corn Processors 2nd Addition in government Lot 2 and Lot 2 Tri-State Corn Processors 2nd Addition in the E1/2NW1/4 both of Section 18, all in Township 128 North, Range 48, West of the 5th P.M., Roberts county, South Dakota, according to the plats thereof.

# EXHIBIT B

## BANKRUPTCY TRUSTEE'S DEED

This Deed is made this _____ day of August, 2011, by Thomas D. Stalnaker, as Chapter 11 Trustee of the Estate of Tri-State Financial, LLC entitled <u>In re Tri-State Financial, LLC, d/b/a North Country Ethanol</u>, BK 08-83016 as Grantor, and Red River Energy, L.L.C., a South Dakota limited liability company, as Grantee, 109 Willesden Drive, Cary, North Carolina 27513.

<u>Recitals</u>

WHEREAS, an Order for Relief under Chapter 11 of Title 11 of the United States Code was entered against Tri-State Financial, LLC, d/b/a North Country Ethanol, by the United States Bankruptcy Court for the District of Nebraska upon the filing of a Voluntary Petition on November 21, 2008, and

WHEREAS, Thomas D. Stalnaker was duly appointed Trustee of the Estate of Tri-State Financial, LLC, d/b/a North Country Ethanol on January 9, 2009; and

WHEREAS, Thomas D. Stalnaker, as Trustee, in accordance with applicable Bankruptcy Rules, provided all creditors and other parties-in-interest with notice of intent to sell the property described herein pursuant to 11 U.S.C. § 363 upon Motions filed with the United States Bankruptcy Court for the District of Nebraska on August _____, 2011, and upon the Notice Setting Objection/Resistance Deadline; and

WHEREAS, after notice and hearing, the United States Bankruptcy Court for the District of Nebraska had entered an Order approving said sale, Document Number _____ in Case No. 08-83016,

NOW, THEREFORE, know all by these presents, that I, Thomas D. Stalnaker, Trustee, as Grantor, by virtue of the power and authority vested in me, as aforesaid, in consideration of the sum of $_____ Dollars ($_____), paid by the Grantee, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell and convey unto Red River Energy, L.L.C., Grantee, its successors, heirs and assigns forever, all of Grantor's right, title and interest in and to the following described real estate:

Tri-State Corn Processors Addition in Government Lot 2 and the E1/2NW1/4 of Section 18; Lot 1 Tri-state Corn Processors 2nd Addition in government Lot 2 and Lot 2 Tri-State Corn Processors 2nd Addition in the E1/2NW1/4 both of Section 18, all in Township 128 North, Range 48, West of the 5th P.M., Roberts county, South Dakota, according to the plats thereof.

TO HAVE AND TO HOLD the above real estate, with the appurtenances and every part thereof, to Grantee, their heirs, successors and assigns, as their own property and for their own use and benefit forever.

IN WITNESS WHEREOF, I, as Trustee, have hereunto set my hand this _____ day of August, 2011.

_____
THOMAS D. STALNAKER, Trustee

STATE OF NEBRASKA    )
                     ) SS.
COUNTY OF DOUGLAS    )

BEFORE ME, a Notary Public qualified for said County, personally came Thomas D. Stalnaker, known to me to be the identical person who signed the foregoing instrument and acknowledged the execution thereof to be his voluntary act and deed, individually, and as Trustee.

WITNESS my hand and notarial seal this ____ day of August, 2011.

_____
Notary Public

EXHIBIT C

**BILL OF SALE**

For the sum of _____ Dollars ($ _____), receipt of which is hereby acknowledged, Thomas D. Stalnaker, Chapter 11 Trustee in Bankruptcy for Tri-State Financial, LLC, d/b/a North Country Ethanol, BK 08-83016 ("Seller") and pursuant to the Order authorizing sale of property, free and clear of liens, entered by the United States Bankruptcy Court for the District of Nebraska on _____, 2011 (Doc, No. ____) hereby grants, conveys, sells, transfers, assigns and delivers to Red River Energy, LLC, a South Dakota limited liability company, 109 Willesden Drive, Cary, North Carolina 27513 ("Purchaser") all of Seller's right, title and interest in and to the personal property set forth in Exhibit "A" attached hereto and incorporated herein by this reference.

IN WITNESS WHEREOF, Seller has executed this Bill of Sale this _____ day of August, 2011.

_____
Thomas D. Stalnaker,
Chapter 11 Trustee in Bankruptcy

Subscribed and sworn to before me this _____ day of August, 2011.

_____
Notary Public