IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK 08-83016 |
| | ) | |
| TRI-STATE FINANCIAL, L.L.C. | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | |

**OBJECTION OF CHARLES R. CLATTERBUCK
TO MOTION TO COMPROMISE OBJECTION TO ADMINISTRATIVE CLAIM
OF THE CIT GROUP/EQUIPMENT FINANCING, INC., AS SERVICER ON
BEHALF OF CIT RAIL LEASING TRUST I (CLAIM NO. 52) AND
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM
AND
JOINDER IN ALL OTHER OBJECTIONS**

Charles R. Clatterbuck, a creditor and interested party, objects to the Motion to Compromise Objection to Administrative Claim of the CIT Group/Equipment Financing, Inc., as Servicer on Behalf of CIT Rail Leasing Trust I (Claim No. 52) and for Allowance of Administrative Claim filed by Thomas D. Stalnacker, Trustee, Filing No. 357 (the "Motion to Settle"). Pursuant to the Motion to Settle, the Trustee proposes to compromise a claim filed as an Administrative Claim by The CIT Group/Equipment Financing, Inc. ("CIT") (Claim No. 52). The Administrative Claim was in the original amount of $212,364.12. The Trustee filed an Objection to the Claim (Filing No. 356). The Trustee proposes to resolve the Objection to Claim by an agreement to allow CIT an administrative claim in the amount of $50,000, conditioned upon immediate payment of that amount. The Motion to Settle proposes to pay CIT $50,000 as an administrative expense and asserts that "the only other administrative claimant herein is counsel for

the Trustee," who has agreed to waive any claim for proration of administrative expenses.

In support of this Objection, Charles R. Clatterbuck ("Clatterbuck") submits the following:

1.     Tri-State Financial, L.L.C., Debtor, filed this Chapter 11 proceeding on or about November 21, 2008.  Debtor remains in possession of its property, including an ethanol production facility located in Rosholt, South Dakota (the "Property").  The Property has been operating as an ethanol plant from November 2009 until early 2011.

2.     Clatterbuck is an interested party in these proceedings pursuant to several distinct and separate capacities as follows:

(a)     Clatterbuck is a co-maker, along with certain other individuals, on a Promissory Note and Business Loan Agreement with an original date of October 24, 2007, in a principal balance of $3,500,000 (the "Union Note"), payable to Union Bank & Trust Company ("Union Bank").  The proceeds of the Union Note were disbursed directly to the Debtor for the benefit of the Property.  The Union Note is secured by a second lien against the Property pursuant to a Commercial Real Estate Mortgage dated October 24, 2007, and filed of record against the Property.  Clatterbuck holds a beneficial interest in the mortgage lien which secures the Union Note.  Centris claims that the mortgage lien of Union Bank is junior and inferior to the Centris lien.

(b)     Clatterbuck holds a Super Priority administrative claim pursuant to 11 U.S.C. § 364(c)(1) for post-petition financing in the amount of $200,000,

pursuant to a Joint Motion for Post-Petition Financing (Filing No. 182) and the Final Order dated July 31, 2009 (Filing No. 215) granting Clatterbuck a Super Priority administrative expense claim pursuant to 11 U.S.C. § 364(c)(1). Clatterbuck advanced the sum of $200,000 for operating expenses of the Debtor pursuant to the Order.  The Order granted a first priority security interest and lien in and to the Property as security for the loan from Clatterbuck.

(c)    Clatterbuck holds an administrative priority claim pursuant to Order of this Court for post-petition financing in the amount of $250,000.  The administrative priority claim was allowed pursuant to the Final Order of July 31, 2009 (Filing No. 215).   In addition, during the course of the bankruptcy proceeding, Clatterbuck loaned monies to the Trustee on behalf of the Debtor and received an administrative expense claim with priority over any and all administrative expenses of the kind specified in 11 U.S.C. § 503(b) and § 507(b), with the exception of payments due to the Trustee, all pursuant to Orders entered in these proceedings (see Filing Nos. 125, 144, 162, 176, 177 and 215). Pursuant to these Orders, Clatterbuck loaned to the Trustee $250,000, which has not been paid.

(d)    Clatterbuck is the holder of an unsecured claim against the estate in an amount greater than $466,801 (Claim No. 23).

Clatterbuck has standing to assert this Objection to the Motion to Settle.

3.    Pursuant to the Orders, Clatterbuck is entitled to an administrative expense in the amount of $450,000, which is payable prior to the payment of any other

administrative expenses, including the Administrative Claim of CIT.   Similar administrative priority claims were granted to Linda Klaasmeyer in the amount of $450,000.  Ted Hazer has an administrative priority claim in the amount of $200,000. Each of these administrative claims is to be paid prior to any payment of an administrative claim to CIT.

4.     It is not believed that the Trustee has sufficient funds to pay the administrative claims of Clatterbuck, Klaasmeyer and Hazer.  Until such time as these administrative claims have been paid or waived, no payment should be allowed to CIT for payment of its Administrative Claim.  The right of payment of any administrative claim of CIT is junior and subordinate to the claims of Clatterbuck and others who advanced post-petition financing pursuant to § 364(c).

5.     Clatterbuck joins in all other objections to the Motion to Settle.

**WHEREFORE,** Charles R. Clatterbuck objects to the Motion to Settle and requests that the Court overrule the Motion to Settle the Administrative Claim of CIT as set forth in this Objection and the objections filed by any other interested parties.

Date:  August 17, 2011.

CHARLES R. CLATTERBUCK

By:  /s/ Larry A. Jobeun
Larry A. Jobeun, #19316
Fullenkamp, Doyle & Jobeun
11440 West Center Road
Omaha, Nebraska 68144
Telephone: (402) 334-0700
Facsimile:  (402) 334-0815
E-mail: larry@fdljaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2011, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filing to all parties who have requested notice on the system.  In addition, a copy of the Objection was sent via e-mail and United States mail to counsel for CIT, as provided in its Proof of Claim, as follows:

> Michael L. Schein
> Vedder Price P.C.
> 1633 Broadway, 47th Floor
> New York, NY  10019
> E-mail:  mschein@vedderprice.com


_____/s/ Larry A. Jobeun_____
Larry A. Jobeun