UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK08-83016 |
| | ) | |
| TRI-STATE FINANCIAL, LLC, d/b/a | ) | Chapter 11 |
| NORTH COUNTRY ETHANOL, | ) | |
|     Debtor. | ) | OBJECTION TO TRUSTEE'S |
| | ) | MOTION TO SELL |
| | ) | (FILING 359) |

COMES NOW George Allison, Jr.; Frank & Phyllis Cernik; Chris & Amy Daniel; Distefano Family Ltd. Partnership; Timothy Jackes; James G. Jandrain; George Kramer; Bernie Marquardt (hereafter Interested Parties), by and through their attorney-of-record, Charles Jan Headley, and hereby makes the following objections to Trustee's motion for the sale of substantially all of Tri-State Financial, LLC's assets (the Proposed Sale). In support of these objections and in answer to the motion of the Trustee, the foregoing Objectors state and allege as follows:

1. The Objectors deny the allegations of Paragraphs 1-14 of Trustee's motion, filing 359. Further answering, the Objectors state that in the normal course of business, sales of such ethanol plants as involved in this matter occur through a private sale following promotion of the plant for sale, negotiation and due diligence. In the present case, no adequate promotion or negotiation of the plant (the assets) has occurred, resulting in this very low proposed sale price.

2. That at no time were Objectors consulted or involved in procuring buyers or allowed to be involved in procuring buyers.

3. Objectors deny the remaining allegations of Trustee's proposed sale of assets and motion thereon.

4. Further answering, Objectors states there has not been adequate attempts to locate a reasonable purchaser for the plant. Approximately six months ago, the plant was being auctioned with a minimum bid of $17.5 Million. Without known marketing efforts since the proposed auction date, and no marketer actively engaged in selling the plant, an offer of approximately 25% of the proposed minimum bid is being accepted. The number of interested buyers at $17.5 Million versus $4.5 Million would be drastically different. In addition, Objectors

had no knowledge that the plant would be sold for such a substantially reduced price.

    5. The Proposed Sale is merely a façade in that it amounts to a foreclosure of the assets, including real estate, of the Debtor, for less than is owed to Centris, exposing Guarantors to a deficiency without allowing the Debtor or the Guarantors their statutory and contract rights as established under the original loan by Centris to the Debtor and as established under the laws of the State of South Dakota. In effect, the Proposed Sale exposes Guarantors to a deficiency claim and strips the Debtor of its redemption rights. As such, the Proposed Sale is not supported by sound business justification nor does it give any deference to Debtor's business judgment.

    6. The proposed purchase price is not a fair and reasonable price and for the reasons set forth above, the bidder is not acting in good faith but is using the process to abrogate rights of the Debtor, Guarantors and Objectors.

    7. Under the Proposed Sale, the only creditor receiving payment will be Centris.

    8. Adequate notice of the Proposed Sale has not been given as required by Rule 2002 and Rule 6004-1 and no Adequate Advertising of this Proposed Sale has been given.

    9. With the Proposed Sale, Centris will recover more benefits than provided for in a foreclosure by applicable South Dakota law. The Proposed Sale will allow the circumvention of South Dakota Law and deny Debtor of valuable rights, including the right of redemption for six months after the sale, and including a mandatory election by Centris of whether to take the property in full satisfaction of the Debt owed to Centris and, if not, prove the value of the property and the deficiency. The mortgage specifically provides for a redemption period of 180 days, at Book 233 Page 43. A true and correct copy of the mortgage is enclosed herein and incorporated herewith as Exhibit 1.

    10. The proposed sale should be denied because the price, the notice of sale and advertising of the sale were inadequate. Trustee presented no justifiable reason to shorten notice times for objection to the proposed sale, in violation of Rule 2002 and Rule 6004-1. This sale will sell all of Debtor's assets (plant and realty) and allows the shortening of time from the usual 25 days. This shortening of time creates a severe burden upon Objectors who are attempting to

find purchasers at a fair price and opens up the sale of the property at this substantially low price.

11. The Proposed Sale should not be approved, but if the court approves the Proposed Sale, the Court should provide that TSF have the same redemption rights for six months that it would have in accordance with the mortgage and as if a decree of foreclosure had been enlisted in South Dakota.

12. If the Court approves the Proposed Sale, it should do so on the condition that efforts to sue the Guarantors be stayed for six months.

13. It is in the best interest of the estate that Objectors be allowed an adequate time to obtain a bonafide purchaser and provide a motion and disclosure for sale of these assets.

14. The Trustee is not familiar with the Debtor's business. The Objectors herein are familiar with the business and, as such, more capable of producing a bonafide purchaser at a maximum price for the maximum benefit of the estate and creditors.

15. The proposed price is insufficient. Sales of plants have averaged approximately $1.00 per gallon of annual production; however, this proposal provides less than 20 cents per gallon. The plant at issue produces approximately 25 million gallons of ethanol per year and, as such, on the going market should be sold for approximately $25 Million. The Proposed Sale of the assets for $4.5 Million is not reasonable.

16. The Proposed Sale is a distribution to creditors which can only be done in Chapter 11 by a Confirmed Plan.

17. The Proposed Sale will not benefit TSF's Chapter 11 estate, as it provides no benefit to any party but Centris.

18. This Proposed Sale should be overruled without disposing of the property. Additional time is necessary to advertise, negotiate and provide a private party sale after marketing of the plant. Most plants are sold in this manner to maximize the sale price.

WHEREFORE, TSF prays for the following relief:

1. The Motion of the Trustee for the Proposed Sale should be denied and overruled.

2. This case should be dismissed.

3. Alternatively, if the Proposed Sale is approved and this case is not dismissed, then the Order approving the sale should preserve for TSF its rights to redeem, the requirement that Centris make an election to take the property in full satisfaction of the debt, and proof of value for purposes of any deficiencies.

4. That Buyer is not found to be a good faith purchaser.

5. That the pending litigation against the Guarantors be stayed for six months.

6. That the Proposed Sale be stayed for a period of six months, a period equivalent to Debtor's redemption period under the mortgage, allowing Debtors and Guarantors a period of time to obtain a private party buyer.

7. Such other and further relief as is just and equitable.

Dated this 17th day of August, 2011.

> George Allison, Jr., Frank and Phyllis Cernik, Chris & Amy Daniel, Distefano Family Ltd. Partnership, Timothy Jackes, James G. Jandrain, George Kramer, and Bernie Marquardt,
> Interested Parties
>
> By:  /s/  Charles Jan Headley
> Charles Jan Headley, #18082
> 10828 Old Mill Road, Suite #6
> Omaha, NE 68154
> Telephone: (402) 330-5757
> Fax:          (402) 333-1093
> Attorney for above-named Interested Parties

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2011, I electronically filed the foregoing with the Clerk of US Bankruptcy Court, District of NE, using the CM/ECF system which sent notification of such filing to all parties who filed an appearance by electronic filing in this case.

> By:  /s/  Charles Jan Headley