IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK 08-83016 |
| ) | |
| TRI-STATE FINANCIAL, L.L.C. ) | (Chapter 11) |
| ) | |
| Debtor. ) | |

LINDA KLAASMEYER OBJECTION
TO MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 363,
FED. R. BANK. P. 6004, AND LOCAL R. BANK. P. 6004-1 AUTHORIZING
AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF
DEBTOR'S ASSETS FREE AND CLEAR OF LIENS
AND
JOINDER IN ALL OTHER OBJECTIONS

Linda Klaasmeyer, a creditor and interested party, objects to the Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 363, Fed. R. Bank. P. 6004, and Local R. Bank. P. 6004-1 Authorizing and Approving the Sale of Substantially All of Debtor's Assets Free and Clear of Liens filed by Thomas D. Stalnacker, Trustee, Filing No. 359 (the "Motion to Sell"). Pursuant to the Motion to Sell, the Trustee proposes to sell substantially all of the assets of the Debtor to Red River Energy, LLC, for a purchase price of $4,500,000, as provided in the Motion to Sell. The Trustee proposes to sell all of the assets free and clear of all liens, including any liens held by Linda Klaasmeyer ("Klaasmeyer"). In support of this Objection, Klaasmeyer submits the following:

1.     Tri-State Financial, L.L.C., Debtor, filed this Chapter 11 proceeding on or about November 21, 2008. Debtor remains in possession of its property, including an

ethanol production facility located in Rosholt, South Dakota (the "Property"). The Property has been operating as an ethanol plant from November 2009 until early 2011.

2. Klaasmeyer is an interested party in these proceedings pursuant to several distinct and separate capacities as follows:

(a) Klaasmeyer is a co-maker, along with certain other individuals, on a Promissory Note and Business Loan Agreement with an original date of October 24, 2007, in a principal balance of $3,500,000 (the "Union Note"), payable to Union Bank & Trust Company ("Union Bank"). The proceeds of the Union Note were disbursed directly to the Debtor for the benefit of the Property. The Union Note is secured by a second lien against the Property pursuant to a Commercial Real Estate Mortgage dated October 24, 2007, and filed of record against the Property. Klaasmeyer holds a beneficial interest in the mortgage lien which secures the Union Note. Centris Federal Credit Union ("Centris") claims that the mortgage lien of Union Bank is junior and inferior to the Centris lien.

(b) Klaasmeyer holds a Super Priority administrative claim pursuant to 11 U.S.C. § 364(c)(1) for post-petition financing in the amount of $200,000, pursuant to a Joint Motion for Post-Petition Financing (Filing No. 182) and the Final Order dated July 31, 2009 (Filing No. 215) granting Klaasmeyer a Super Priority administrative expense claim pursuant to 11 U.S.C. § 364(c)(1). Klaasmeyer advanced the sum of $200,000 for operating expenses of the Debtor pursuant to the Order. The Order granted a first priority security interest and lien in and to the Property as security for the loan from Klaasmeyer.

(c)   During the course of the bankruptcy proceeding, Klaasmeyer loaned monies to the Trustee on behalf of the Debtor and received an administrative expense claim with priority over any and all administrative expenses of the kind specified in 11 U.S.C. § 503(b) and § 507(b), with the exception of payments due to the Trustee, all pursuant to Orders entered in these proceedings (see Filing Nos. 125, 144, 161, 176, 177 and 215). Klaasmeyer holds an administrative priority claim pursuant to Order of this Court for post-petition financing in the amount of $250,000. The administrative priority claim was allowed pursuant to the Final Order of July 31, 2009, which granted Klaasmeyer a lien against the real property to secure the administrative claim (Filing No. 215). Pursuant to these Orders, Klaasmeyer loaned to the Trustee $250,000, which has not been paid to Klaasmeyer.

(d)   Klaasmeyer is the holder of an unsecured claim against the estate in an amount greater than $466,801 (Claim No. 23).

Klaasmeyer has standing to assert this Objection to the Motion to Sell.

3.   The Trustee initially proposed a sale of the Property at a price of not less than $17,500,000 and filed Motions seeking approval of the process to sell the Property (Filing Nos. 299 and 300). The Motion to Sell Free and Clear was initially predicated upon a sale price of the Property at not less than $17,500,000. The Court approved the bidding procedures and the general arrangement for the sale of the Property (Filing No. 307). This Motion was subsequently withdrawn by the Trustee (Filing No. 325).

3

4. In February 2011, the Trustee agreed to sell and Centris initially agreed to purchase the Property for a credit bid of $12,500,000. The Trustee filed a Motion for Court Approval to authorize the credit bid (Filing No. 327). Prior to entry of an Order, Centris filed an Objection to the Motion to Sell and indicated that it would not acquire the Property, as outlined in the Motion (Filing No. 347).

5. The proposed sale is not in the best interest of the bankruptcy estate or the creditors of the Debtor but is solely for the benefit of Centris.

6. The Trustee has failed to make a showing that the proposed purchase price is fair and reasonable or that Centris has acted in good faith as required under 11 U.S.C. § 363(b).

7. The proposed sale is contrary to the provisions of 11 U.S.C. § 363. The Trustee does not have authority to sell the Property as the requirements of 11 U.S.C. § 363(f) are not satisfied.

(a) Applicable non-bankruptcy law does not permit the sale of the Property free and clear of the interests of Union Bank or Klaasmeyer, and therefore § 363(f)(1) is not satisfied.

(b) Neither Klaasmeyer nor Union Bank, as the holders of liens against the Property, have consented to the sale and therefore § 363(f)(2) is not satisfied.

(c) The price is less than the aggregate value of the liens against the Property and therefore § 363(f)(3) is not satisfied.

(d) There is no bona fide dispute regarding the interests of Union Bank and Klaasmeyer and therefore § 363(f)(4) is not satisfied.

4

(e)    Neither Union Bank nor Klaasmeyer could be compelled to accept money satisfaction in exchange for the lien interest and therefore § 363(f)(5) is not satisfied.

The Trustee is without authority to sell the Property free and clear of liens under § 363.

8.    The attempt to sell the Property pursuant to the Motion to Sell is an attempt to avoid the foreclosure laws of the State of South Dakota found in the South Dakota Codified Laws (SDCL). Pursuant to South Dakota law, voluntary foreclosure or judicial foreclosure by Centris of the Property would bar any action for a deficiency unless Centris was not willing to bid the full amount of the indebtedness. In the event Centris was not willing to bid the full amount of the indebtedness at foreclosure, then the burden would be upon Centris to establish at the time of trial the fair and reasonable value of the Property pursuant to SDCL § 21-47-16 and § 21-47-17. SDCL § 21-47-17 provides that a foreclosure of a mortgage operates as a complete extinguishment and satisfaction of the debt secured by the mortgage except as specifically provided by statute. In addition, Klaasmeyer and Union Bank have certain rights of redemption under South Dakota law.

9.    The attempt to sell the Property pursuant to the Motion to Sell is contrary to and an effort to circumvent the South Dakota foreclosure laws. Union Bank, Klaasmeyer and others have a substantial interest in the Property to the extent that Centris may seek a deficiency against Klaasmeyer and others. Such deficiency can only be determined in foreclosure proceedings filed in South Dakota. Unless Centris is willing to agree not to pursue any deficiency or claim against the Debtor, Klaasmeyer

5

and any other guarantors, any attempt by the Trustee and Centris to sell the Property pursuant to 11 U.S.C. § 363 should be denied. If Centris did agree that the sale of the Property operated as a complete extinguishment and satisfaction of any debt obligation of the Debtor or any guarantors, then this portion of the Objection may not be an issue.

10. The proposed Purchase Agreement attempts to allocate the purchase price as $33,000 for the land, $50,000 for the building and improvements, and $4,417,000 for the equipment. Union Bank holds a lien interest in real property pursuant to a Deed of Trust and Klaasmeyer has a beneficial interest in such lien claim. Klaasmeyer has a first priority security interest and lien on the real property pursuant to a Final Order dated July 31, 2009, as well as a junior lien to secure the administrative claim (Filing No. 215). To the extent that the Purchase Agreement attempts to allocate the purchase price to assets in which the lien interest of Union Bank or Klaasmeyer may not attach, Klaasmeyer objects to such allocation. Further, the purported allocation of the purchase price is neither fair nor equitable, nor does it accurately reflect the value of the real estate, buildings, improvements and fixtures.

11. Klaasmeyer joins in all other objections to the Motion to Sell.

**WHEREFORE,** Linda Klaasmeyer objects and requests the Court overrule the Motion to Sell as set forth in this Objection and the objections filed by other interested parties.

Date:  August 17, 2011.

                                                   LINDA KLAASMEYER

By: /s/ James B. Cavanagh
    James B. Cavanagh, #10643
    LIEBEN, WHITTED, HOUGHTON,
      SLOWIACZEK & CAVANAGH, P.C., L.L.O.
    2027 Dodge Street, Suite 100
    Omaha, Nebraska  68102
    Telephone:  (402) 344-4000
    Facsimile:  (402) 344-4006
    E-mail:  jcavanagh@liebenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2011, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filing to all parties who have requested notice on the system.

                                        /s/ James B. Cavanagh
                                        James B. Cavanagh

336566