UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK08-83016 |
| | ) | |
| TRI-STATE FINANCIAL, LLC, | ) | Chapter 11 |
| d/b/a NORTH COUNTRY ETHANOL | ) | |
| | ) | |
| Debtor. | ) | |

**OBJECTION TO TRUSTEE'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS (FIL. 359)**

Secured Creditor Union Bank and Trust Company ("Union Bank") hereby resists and objects to the Trustee's motion to sell substantially all of Debtor's assets free and clear of liens, claims, interests and encumbrances (Doc. 359) and, in support, states as follows:

### BACKGROUND

1.  The Debtor, Tri-State Financial, LLC, d/b/a North Country Ethanol ("Debtor"), filed this Chapter 11 proceeding on or about November 21, 2008. (Doc. 1)

2.  The principal asset of the Debtor is an ethanol production facility, and appurtenances, located near Rosholt, South Dakota (the "Facility"). (Doc. 46)

3.  Union Bank has a perfected lien and security interest in the Debtor's assets including, but not limited to, the Facility.

4.  Union Bank has filed a secured claim in this matter in the amount of approximately $3,510,833.35. (See Proof of Claim 24)

5.  The total amount of all secured claims filed in this matter as of March 14, 2011, is approximately $25,142,280.84. (See Claims Registry Summary)

6.  The Trustee is currently in possession of the Facility by order of this Court dated October 13, 2009. (Doc. 233)

7. The Trustee filed a motion with this Court on or about September 30, 2010, for an order to approve bidding procedures and a form purchase agreement for the purpose of selling the Facility at a sealed-bid auction. (Doc. 299)

8. The Trustee had proposed that the sale of the Facility, which constitutes substantially all of the Debtor's assets, would be at a price not less than $17,500,000.00. (Doc. 299, ¶9)

9. The Trustee has now filed a motion with this Court on or about August 11, 2011, for an order to sell substantially all of Debtor's assets free and clear of liens, claims, interests and encumbrances. (Doc. 359)

10. The Trustee's latest motion to sell free and clear was came with only days of the Trustee withdrawing his Motion to Abandon the Facility. (Doc. 355)

11. Union Bank resists and objects to the proposed sale of the Facility by the Trustee, free and clear of all liens, claims, interests and encumbrances for the following reasons:

(1) The Trustee has failed to make a showing and prove in an evidentiary hearing that the proposed purchase price is fair and commercially reasonable under 11 U.S.C. § 363(b);

(2) The proposed sale fails to satisfy any of the requirements under 11 U.S.C. § 363(f); and

(3) The Trustee's propose sale is not a true "sale," but rather is an attempt by the Trustee and the first lienholder, Centris, to circumvent South Dakota foreclosure law, and to subject the investors to an inequitable deficiency liability.

## DISCUSSION

### SALE OF SUBSTANTIALLY ALL ASSETS UNDER 11 U.S.C. § 363(B)

17. Union Bank contends that under the heightened standards for a sale under § 363(b) this Court is not authorized to presume any facts, including good faith.

18. By filing to sale the Facility only days, after withdrawing his Motion to Abandon, the Trustee has not had sufficient time to market the Facility in good faith at a new lower price that would be acceptable to the first lienholder, Centris. In fact, Centris has engaged in conduct such as planning to submit a $ 10 million dollar credit bid, then planning to "flip" the Facility to an undisclosed third party, to then refusing to credit bid (Doc. 347) or even fund ongoing security costs leading to the emergency Motion to Abandon (Doc. 352), that a finding that the current sale is in "good faith and arms-length" is not warranted.

### 11 U.S.C. § 363(F) REQUIREMENTS NOT SATISFIED

19. Section 363(f) provides that the bankruptcy trustee may sell property of the estate free and clear of any interest of an entity in such property only under one or more of the following conditions:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

3

20.     Union Bank contends that none of the requirements of § 363(f) exists and specifically alleges:

(1)     South Dakota state law would not permit the Debtor or the possessor of the Facility to sell such property free and clear of any and all security interests;

(2)     Union Bank is an entity with a perfected lien and security interest in Facility who does not consent to the sale of the Facility;

(3)     The proposed sale price of $4,500,000.00 is not greater than the aggregate value of all liens on the Facility, which as of March 14, 2011, is approximately $25,142,280.84.

(4)     The security interest of Union Bank in the Facility is not in dispute; and

(5)     Union Bank could not be compelled, in a either a bankruptcy or nonbankruptcy legal or equitable proceeding, to accept less than the full amount of its secured claim as full and complete satisfaction of that claim.

### Section 363(f)(5)

21.     The Trustee's unsupported assertion that he "believes" that all lien holders could be forced in legal or equitable proceedings to accept money satisfaction of such liens under § 363(f)(5) is misplaced.

22.     The Ninth Circuit Bankruptcy Appellate Panel recently thoroughly analyzed the intent and application of § 363(f)(5). In *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), supra*, the senior creditor held a $40 million claim secured by the debtor's property. The chapter 11 bankruptcy trustee conducted a court-supervised sale of the property. The senior creditor was the highest bidder at the sale and was allowed to credit bid the entire amount of debt it was owed. A junior creditor, with a claim of $2.5 million, objected to the confirmation of the

sale as being free and clear of the junior creditor's lien. The bankruptcy court relied on § 363(f)(5) to deny the junior creditor's objection and confirm the sale. In reversing the bankruptcy court, the appellate panel found:

(1) The question to be addressed is not whether the creditor's claims could be satisfied by paying the money owed, but whether the creditor could be compelled to take less than the value of the claim secured by the interest; *id.* at 42

(2) There must be a procedural mechanism in which to address extinguishing the lien or interest of a creditor without paying such interest in full; *id.* at 43

(3) The mechanism must be in the form of a legal or equitable proceeding; *id.* at 45-46

(4) The "cramdown" mechanism under § 1129(b)(2) of the Bankruptcy Code is not a qualifying legal or equitable proceeding; *id.* at 46.

23. The Trustee in this case has failed to identify any legal or equitable proceeding under which secured creditors could be compelled to take less than the value of their claims secured by the property interest.

24. Because the Trustee fails to identify any legal or equitable proceeding under which secured creditors could be compelled to take less than the value of their claims secured by the property interest, § 363(f)(5) cannot apply for purposes of this motion.

25. Since none of the requirements under § 363(f) apply in this case, the Trustee is not entitled to sell the Facility free and clear of the liens, claims, interests and encumbrances. As a result, the Trustee's motion should be denied.

### SALE INEQUITIES

26. It is well understood that "the law abhors a forfeiture." *BankWest, N.A. v. Groseclose*, 535 N.W.2d 860 (S.D. 1995). It is equally true that, in the context of mortgage foreclosures, the law seeks to prevent unjust enrichment. See *Federal Land Bank v. Carlson*, 411 N.W.2d 415, 417 (S.D. 1987).

27. Union Bank argues against the Trustee's suggestion to look to the litigation pending in the District Court of Douglas County, Nebraska, to resolve issues with the sale price. Because the Facility is substantially all of the Debtor's assets, the Trustee's proposal merely shifts the burden of any deficiency between the secured debt and the Facility sale price to the guarantors.

28. Union Bank also asserts that the Trustee's proposal is not a true "sale," but, rather, just a failed auction, a retracted credit bid by the first lienholder, and now a last result "fire sale," to the first buyer who deposited earnest money.

29. Moreover, Union Bank contends that the Trustee's sale is an overt attempt to circumvent South Dakota real estate foreclosure law.

30. Under South Dakota law, the mortgage holder in a real estate foreclosure action may purchase the subject property at a foreclosure sale provided "the holder of the mortgage bids fairly and in good faith, and bids the fair and reasonable value thereof . . . ." S.D. Codified Laws § 21-47-15. Likewise, "[i]f the holder of such mortgage is not willing at such sale to bid the full amount of the judgment debt, such mortgage holder shall establish at the time of the trial by competent proof to the satisfaction of the court, the fair and reasonable value of the mortgaged premises, and the court shall determine the same in its decree." S.D. Codified Laws § 21-47-16.

31. Union Bank also objects that the Trustee's motion fails to establish the necessary assurances and details that any sales proceeds will be distributed in accordance with the priorities established by this Court's prior orders, (Doc. 215, amended by Doc. 233). The trustee's motion fails to identify the DIP lenders and the amounts of their claims that will be paid first out of any sales proceeds.

WHEREFORE, Union Bank respectfully requests that the Court deny the Trustee's motion to sell substantially all of the Debtor's assets free and clear of liens, claims, interests and encumbrances and for such other and further relief that may be just and equitable.

DATED this 17th day of August, 2011.

UNION BANK AND TRUST COMPANY,
Creditor

By: _____
R. J. Shortridge, #20784
Derek A. Aldridge #223541
PERRY, GUTHERY, HAASE,
& GESSFORD, P. C., L. L. O.
233 South 13th Street, Suite 1400
Lincoln, NE 68508
Telephone: (402) 476-9200
Facsimile: (402) 476-0094
Email: rshortridge@perrylawfirm.com
Email: daldridge@perrylawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2011, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all parties who filed an appearance by electronic filing in this case, and I hereby certify that I have mailed by United States mail the foregoing to the following:

Tri-State Financial, LLC
d/b/a North Country Ethanol
3610 Dodge Street, Suite 212
Omaha, Nebraska 68131

R. J. Shortridge