IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRI-STATE FINANCIAL, LLC, d/b/a | ) | Case No. BK08-83016 |
| NORTH COUNTRY ETHANOL, | ) | (Chapter 11) |
| Debtor. | ) | |

OBJECTION OF THEODORE HAZER
TO MOTION TO COMPROMISE OBJECTION TO ADMINISTRATIVE CLAIM
OF THE CIT GROUP/EQUIPMENT FINANCING, INC., AS SERVICER ON
BEHALF OF CIT RAIL LEASING TRUST I (CLAIM NO. 52) AND
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM
AND
JOINDER IN ALL OTHER OBJECTIONS

Theodore Hazer, a creditor and interested party, objects to the Motion to Compromise Objection to Administrative Claim of the CIT Group/Equipment Financing, Inc., as Servicer on Behalf of CIT Rail Leasing Trust I (Claim No. 52) and for Allowance of Administrative Claim filed by Thomas D. Stalnaker, Trustee, Filing No. 357 (the "Motion"). The Motion of the Trustee proposes to compromise the claim filed by The CIT Group/Equipment Financing, Inc. ("CIT") (Claim No. 52) as an administrative expense claim. Such Claim is in the amount of $212,364.12 to which the Trustee filed his Objection to the Claim (Filing No. 356). The Motion of the Trustee proposes to resolve his Objection to such Claim by allowing the Claim of CIT in the amount of $50,000 to be immediately paid to CIT ahead of all other claims. The Motion asserts that "the only other administrative claimant herein is counsel for the Trustee," but that the counsel for the Trustee waives any claim for proration of administrative expenses.

Theodore Hazer ("Hazer") objects to the Motion for the following reasons:

1. Tri-State Financial, L.L.C., Debtor, filed this Chapter 11 proceeding on or about November 21, 2008. Debtor remains in possession of its property, including an ethanol production facility located in Rosholt, South Dakota (the "Property"). The Property operated as an ethanol plant from November 2009 until early 2011.

2. Hazer is a creditor and an interested party in these proceedings and has standing to object to the Trustee's Motion as follows:

(a)     Hazer is a co-maker, along with certain other individuals, on a Promissory Note and Business Loan Agreement dated October 24, 2007, as extended, payable to Union Bank & Trust Company, (the "Union Note"). The proceeds of the Union Note were disbursed directly to the Debtor for the benefit of the Property. The Union Note is secured by a second lien against the Property pursuant to a Commercial Real Estate Mortgage dated October 24, 2007, and filed of record against the Property. Hazer holds a beneficial interest in the mortgage lien which secures the Union Note. Centris claims that the mortgage lien of Union Bank is junior and inferior to the Centris lien.

(b)     Hazer holds an administrative priority claim pursuant to Order of this Court for post-petition financing in the amount of $200,000. The administrative priority claim of Hazer was allowed pursuant to the Final Order entered July 31, 2009 (Filing No. 215), herein the ("Order"). Hazer's administrative expense claim has priority as provided in 11 U.S.C. §364(c) and (d), 11 U.S.C. §503(b) and 11 U.S.C. §507(b), excepting only payments due to the Trustee as provided in the Order. Pursuant to the Order, Hazer loaned to the Trustee $200,000, which has not been repaid.

(c)     Hazer is also the holder of an unsecured claim against the estate in the amount of $400,526.03, together with his claims for indemnification and contribution (Claim No. 37), which has not been paid.

3.     Pursuant to the Order, Hazer holds an administrative expense claim in the amount of $200,00, which is payable prior to the payment of the administrative expense Claim of CIT.

4.     Pursuant to the Order, administrative expense claims were also allowed for the loans of Charles Clatterbuck and of Linda Klaasmeyer to the Trustee. The administrative expense claims of Charles Clatterbuck and of Linda Klaasmeyer are also entitled to payment prior to payment of the administrative claim of CIT.

5.     The Trustee does not appear to have sufficient funds to pay the administrative claims of Klaasmeyer, Clatterbuck and Hazer. Until such time as these administrative claims have been paid or waived, no payment should be allowed to CIT for payment of its contested Administrative Claim.

6.  Hazer joins in all other objections by any other interested parties to the Motion.

WHEREFORE, Hazer objects to the Motion and requests that the Court deny the Motion of the Trustee and for such other and further relief as is fair and equitable.

Dated this 17th day of August, 2011.

THEODORE HAZER, creditor and party-in-interest

By: /s/ Emmett D. Childers
Emmett D. Childers, #10672
HILLMAN, FORMAN,
 CHILDERS & McCORMACK
7171 Mercy Road, Suite 650
Omaha, Nebraska 68106
(402) 397-8051 - telephone
(402) 397-2868 - facsimile
hillmanforman@hfncm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of August, 2011, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filing to all parties who have requested notice on the system. In addition, a copy of the Objection was sent via e-mail and United States mail to counsel for CIT, as provided in its Proof of Claim, as follows:

Michael L. Schein
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
e-mail: mschein@vedderprice.com

/s/ Emmett D. Childers