IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRI-STATE FINANCIAL, LLC, d/b/a | ) | Case No. BK08-83016 |
| NORTH COUNTRY ETHANOL, | ) | (Chapter 11) |
| Debtor. | ) | |

OBJECTION OF THEODORE HAZER
TO MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§105(A) AND 363,
FED.R.BANK.P. 6004, AND LOCAL R.BANK.P. 6004-1 AUTHORIZING AND
APPROVING THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS
FREE AND CLEAR OF LIENS
AND
JOINDER IN ALL OTHER OBJECTIONS

Theodore Hazer, a creditor and interested party, ("Hazer") objects to the Motion for Order Pursuant to 11 U.S.C. §§105(a) and 363, Fed.R.Bankr.P. 6004, and Local R.Bank.P. 6004-1 Authorizing and Approving the Sale of Substantially All of Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances filed by Thomas D. Stalnaker, Trustee, Filing No. 359 (the "Motion"). Pursuant to the Motion, the Trustee proposes to sell substantially all of the assets of the Debtor to Red River Energy, LLC ("Red River") for the purchase price of $4,500,000 as set forth in the Motion and attached Purchase Agreement. Hazer states in support of this Objection, the following:

1. Tri-State Financial, L.L.C., Debtor, filed this Chapter 11 proceeding on or about November 21, 2008. Debtor remains in possession of its property, including an ethanol production facility located in Rosholt, South Dakota (the "Property"). The Property operated as an ethanol plant from November 2009 until early 2011.

2. Hazer is a creditor and an interested party in these proceedings and has standing to object to the Trustee's Motion as follows:

(a) Hazer is a co-maker, along with certain other individuals, on a Promissory Note and Business Loan Agreement dated October 24, 2007, as extended, payable to Union Bank & Trust Company, (the "Union Note"). The proceeds of the Union Note were disbursed directly to the Debtor for the benefit of the Property. The Union Note is secured

-1-

by a second lien against the Property pursuant to a Commercial Real Estate Mortgage dated October 24, 2007, and filed of record against the Property. Hazer holds a beneficial interest in the mortgage lien which secures the Union Note. Centris claims that the mortgage lien of Union Bank is junior and inferior to the Centris lien.

(b) Hazer holds an administrative priority claim pursuant to Order of this Court for post-petition financing in the amount of $200,000. The administrative priority claim of Hazer was allowed pursuant to the Final Order entered July 31, 2009 (Filing No. 215), herein the ("Order") which granted Hazer a lien against the real property as security for his administrative expense claim. Pursuant to the Order, Hazer loaned to the Trustee $200,000, which has not been repaid and the Property secures payment thereof to the extent provided in the Order.

(c) Hazer is also the holder of an unsecured claim against the estate in the amount of $400,526.03, together with his claims for indemnification and contribution (Claim No. 37), which has not been paid.

3. The proposed sale is not in the best interest of the bankruptcy estate or the creditors of the Debtor and the sale price is inadequate.

4. The proposed sale is contrary to the provisions of 11 U.S.C. §363. The Trustee does not have authority to sell the Property as the requirements of 11 U.S.C. §363(f) are not satisfied.

(a) Applicable non-bankruptcy law does not permit the sale of the Property free and clear of the interests of Union Bank or Hazer, and therefore §363(f)(1) is not satisfied.

(b) Neither Hazer nor Union Bank have consented to the sale and therefore §363(f)(2) is not satisfied.

(c) The price is less than the aggregate value of the liens against the Property and therefore §363(f)(3) is not satisfied.

(d) There is no bona fide dispute regarding the interests of Union Bank and Hazer and therefore §363(f)(4) is not satisfied.

(e) Neither Union Bank nor Hazer could be compelled to accept money satisfaction in exchange for the lien interest and therefore §363(f)(5) is not satisfied.

The Trustee is without authority to sell the Property free and clear of liens under §363.

5. The attempt to sell the Property pursuant to the Motion to Sell is an attempt to avoid the foreclosure laws of the State of South Dakota found in the South Dakota Codified Laws (SDCL). Pursuant to South Dakota law, voluntary foreclosure or judicial foreclosure by Centris of the Property would bar any action for a deficiency unless Centris was not willing to bid the full amount of the indebtedness. In the event Centris was not willing to bid the full amount of the indebtedness at foreclosure, then the burden would be upon Centris to establish at the time of trial the fair and reasonable value of the Property pursuant to SDCL §21-47-16 and §21-47-17. SDCL §21-47-17 provides that a foreclosure of a mortgage operates as a complete extinguishment and satisfaction of the debt secured by the mortgage except as specifically provided by statute. In addition, Hazer and Union Bank have rights of redemption under South Dakota law.

6. The attempt to sell the Property pursuant to the Motion is contrary to and an effort to circumvent the South Dakota foreclosure laws and the rights of Hazer to redeem. Union Bank, Hazer and others have a substantial interest in the Property to the extent that Centris or Union may seek a deficiency against Hazer and others. Such deficiency and rights to redeem can only be determined in foreclosure proceedings filed in South Dakota.

7. Hazer joins in all other objections to the Motion.

WHEREFORE, Hazer objects to the Motion and requests that the Court deny the Motion.

Dated this 17th day of August, 2011.

THEODORE HAZER, creditor and party-in-interest

By: /s/ Emmett D. Childers
Emmett D. Childers, #10672
HILLMAN, FORMAN,
 CHILDERS & McCORMACK
7171 Mercy Road, Suite 650
Omaha, Nebraska 68106
(402) 397-8051 - telephone
(402) 397-2868 - facsimile
hillmanforman@hfncm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of August, 2011, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filing to all parties who have requested notice on the system, including the following:

Tri-State Financial, LLC
d/b/a North Country Ethanol
3610 Dodge Street, Suite 12
Omaha, Nebraska 68131

/s/ Emmett D. Childers