UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK08-83016 |
| | ) | |
| TRI-STATE FINANCIAL, LLC, d/b/a | ) | |
| NORTH COUNTRY ETHANOL, | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | AFFIDAVIT OF |
| | ) | JAMES G. JANDRAIN |
| | ) | |

STATE OF NEBRASKA )
                  )
COUNTY OF DOUGLAS )

James G. Jandrain ("Affiant") being first duly sworn on oath, deposes and states as follows:

1. Affiant is a part owner of Debtor and has personal knowledge of all facts set forth herein.

2. Affiant makes this affidavit based upon Affiant's personal knowledge.

3. As a part owner of three ethanol Plants, and the Chairman and CEO of two of those Plants, I am familiar with the ethanol industry, with and how such Plants are sold, and what the current market is for the sale of ethanol Plants.

4. I am aware of six completed, operational ethanol Plants that were sold within the past year. Attached as Exhibit 1, and incorporated herein by this reference, is a sales summary of such Plants. As shown in Exhibit 1, the average selling price is approximately $1.00 per gallon of ethanol produced. The North Country Ethanol Plant (the "Plant") which is the subject of this case, produces approximately 25 million gallons of ethanol per year. Accordingly, a reasonable selling price would be about $25 Million.

5. I am not familiar with the Red River group (the "Buyer"), but information obtained about the managers shows they previously owned an ethanol Plant in North Carolina that filed bankruptcy April 3, 2011 and it is now scheduled to be auctioned off on August 24, 2011.

6. I am aware of other parties that have an interest in purchasing the Plant. The price discussed with one of these parties was substantially more than $4.5 million. In addition, this buyer would be agreeable to paying the ongoing upkeep expenses, such as maintenance, security, insurance, and utilities while they perform their due diligence. They expect due diligence to take no more than 60 days. As such, the Trustee has no viable basis to rush this sale, request waiver of notice periods and not comply with Rules 2002 and 6004-1. Recently, the Trustee has received other offers, including an offer of $5.1 million from Western Plains, and another party has expressed an interest in an agreement to match that offer.

7. Selling the Plant for $4.5 million is an unreasonably low price, especially since South Dakota's subsidy to ethanol Plants is $1 million per year per Plant.

8. I would like the opportunity to market the Plant. I am very familiar with the Plant, the industry, and potential buyers. To obtain $25 Million for the Plant would be very difficult because of the bankruptcy. However, there would be several buyers who would readily pay over $4.5 Million for the Plant.

9. Another plant in which I am involved in is Midwest Renewable Energy ("MRE"), located in Sutherland, Nebraska. The MRE plant is approximately the same size as the Plant at issue. We have talked to a number of potential MRE buyers over the past year. Because we are asking over $1.00 per gallon for that plant, we have not been able to consummate a sale. However, I believe we would have had several legitimate buyers in the $0.50 - $0.75 per gallon range.

10. The Trustee's action in this attempted sale, by setting the hearing date in this matter so quickly, does not leave sufficient time to obtain a buyer or fair offer to sell the Plant.

11. The Trustee has received other inquiries but has not pursued the same. For example, enclosed herein as Exhibit 2 is a letter of inquiry from Western Plains Energy, LLC concerning a potential purchase.

12. This proposed sale would circumvent and vitiate the debtor's right of redemption provided by South Dakota law and the mortgage of the premises.

13. The Buyer is not a good faith purchaser based on their unreasonably low price and this low price would only provide for a partial payment of the secured creditor, Centris, leaving all other creditors unpaid.

14. At the very least, additional time is needed to properly market and sell this business at a fair price. This Plant can be shut down to a greater extent, reducing expenses and interested parties (potential buyers) can easily be found to front these expenses.

Further Affiant sayeth not.

Dated this 17th day of August, 2011.

James G. Jandrain

**SUBSCRIBED and SWORN** to before me this 18 day of August 2011.

Notary Public

Prepared and submitted by:

By:  /s/  Charles Jan Headley
Charles Jan Headley, #18082
10828 Old Mill Road, Suite #6
Omaha, NE 68154
Telephone: (402) 330-5757
Fax:           (402) 333-1093
Attorney for James G. Jandrain

# CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2011, I electronically filed the foregoing Affidavit of James G. Jandrain with the Clerk of US Bankruptcy Court, District of NE, using the CM/ECF system which sent notification of such filing to all parties who filed an appearance by electronic filing in this case.

By: /s/ Charles Jan Headley