UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK08-83016 |
| | ) | |
| TRI-STATE FINANCIAL, LLC, | ) | Chapter 11 |
| d/b/a NORTH COUNTRY ETHANOL | ) | |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S CONTINGENT NOTICE OF INTENT TO ABANDON PROPERTY PURSUANT TO 11 U.S.C. §554 OF THE UNITED STAETS BANKRUPTCY CODE**

NOW COMES Thomas D. Stalnaker, Trustee, by and through his attorneys, and for his Notice of Intent to Abandon Property pursuant to 11 U.S.C. §554 of the United States Bankruptcy Code ("the Code"), states as follows:

1. On November 21, 2008, the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Code.

2. On January 9, 2009, the Court entered an order approving the appointment of the Trustee in this proceeding.

3. The Trustee operated the main asset of the bankruptcy estate, an Ethanol Plant located in Rosholt, South Dakota ("the Ethanol Plant"), pursuant to an order of this Court dated October 13, 2009, which authorized the Trustee to enter into a Toll Processing Agreement with Tenaska BioFuels, LLC ("Tenaska"), as well as an operating agreement with Innovative Concepts of Ethanol, Inc. ("ICE").

4. No creditors committee has been appointed by the United States Trustee due to general lack of interest in the proceedings among the unsecured creditors.

5. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to one or more provisions of 28 U.S.C. §157(b). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. During the course of the Chapter 11 case, it became apparent that a reorganization by current equity holders would be impossible due to the magnitude of priority secured debt and the inability of the cash flows of the Debtor to pay the same over the required 60 months from the initial date of the Petition. Therefore, the Trustee engaged in a procedure to sell the Ethanol Plant, which procedure was ultimately, and to date remains, unsuccessful.

7. Additionally, the Trustee operated the Ethanol Plant for over one year. Ultimately, however, the Ethanol Plant could not be operated by the Trustee at a profit and has since been closed, and operations ceased.

8. The Ethanol Plant is currently insured through September 11, 2011, provided that 24-hour security or other security acceptable to the insurer is in place. Currently the Trustee has arranged for 24-hour security to be maintained at the facility through September 11, 2011, which security is being paid for from the assets of the estate, including the non-refundable deposit of Red River Energy, with whom the Trustee has a signed Purchase Agreement. The Trustee has no financial ability and/or obligation to continue such security after September 11, 2011.

9. The Code provides, in relevant part, that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the

estate or that is of inconsequential value and benefit to the estate". *11 U.S.C. §554(a).*

10. In light of the continued inability of the Trustee to sell the plant at a price that is acceptable to the secured creditors and guarantors, the Ethanol Plant has clearly become burdensome to the estate, but the Trustee is prepared to withdraw this Notice in the event the Trustee's pending Motion to Sell Free and Clear (Doc. No. 359) is approved, prior to September 7, 2011.

11. After evaluating all of its alternatives, the Trustee believes it is now in the Debtor's best interest, as well as the best interest of the estate and Debtor's creditors, to abandon the Ethanol Plant, and serves the instant Notice of his Intent to do so.

12. In the event that no objection or resistance to the instant Notice of Intent is filed on or before the objection/resistance deadline, the Ethanol Plant shall be abandoned by the Trustee at 5:00 p.m., Central Standard Time, on Thursday September 9, 2011.

Dated this 18th day of August, 2011.

THOMAS D. STALNAKER, TRUSTEE,

By:    /s/ John D. Stalnaker
John D. Stalnaker, #23809
Robert J. Becker, #10258
STALNAKER, BECKER & BURESH, P.C.
1111 N. 102nd Ct., Suite 330
P.O. Box 24268
Omaha, NE 68124
(402) 393-5421
j.stalnaker@sbbpc.com
r.becker@sbbpc.com

## NOTICE SETTING OBJECTIONS/RESISTANCE DEADLINE

NOTICE IS HEREBY GIVEN that the above and foregoing Notice of Intent to Abandon Property Pursuant to 11 U.S.C. §554 of the United States Bankruptcy Code has been filed by Thomas D. Stalnaker, Trustee, on August 18, 2011.

Any resistance to the above pleading or request for a hearing must be filed with the Clerk of the Bankruptcy Court and a copy served on the movant on or before September 7, 2011.

Neb. R. Bankr. P. 9013 applies to this proceeding.

If the resistance period expires without the filing of any resistance or request for hearing, the Court will consider entering an order granting the relief sought without further notice or hearing.

If a timely resistance or request for hearing is filed and served, the Clerk shall schedule a hearing.

All resistances to the Motion shall set forth the specific factual and legal basis and conclude with a particular request for relief.

Dated: August 18, 2011.

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2011, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all parties who filed an appearance by electronic filing in this case, and that same was sent to all parties appearing on the mailing matrix for the instant bankruptcy proceeding.

/s/ John D. Stalnaker
John D. Stalnaker